UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN CORDERO,

                            Plaintiff,

   -v-

UNITED STATES OF AMERICA,

                            Defendant.

CIVIL ACTION NO.: 19 Civ. 1320 (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is motion of Defendant United States (the "Government") to compel Plaintiff Christian Cordero ("Cordero") to execute seven additional medical releases (the "Medical Releases")[1] (the "Motion"). (ECF No. 49). Cordero opposes the Motion on the grounds that the information sought is irrelevant and arbitrary. (ECF No. 50). On February 10, 2021, the Court held a telephone conference with the parties concerning the Motion. (ECF Minute Entry Feb. 10, 2021). For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

In this personal injury action, Cordero alleges that, on March 31, 2016, he was the front-seat passenger of a vehicle that was struck from behind by a vehicle driven by Brian Kroptoff, who was at the time of the accident an employee of the Federal Bureau of Investigation. (ECF No. 2 ¶¶ 1, 3–4). Cordero alleges that as a result of the accident, he sustained injuries "including

---

[1] The Medical Releases are directed to: Flushing Hospital Medical Center ("Flushing Hospital"); Pinnacle Medical Services ("Pinnacle"); United HealthCare of New York ("United"); New York Orthopaedic Hospital Associates ("NY Orthopaedic"); New York Presbyterian Hospital ("NY Presbyterian"); New York City Health and Hospitals ("NYCHH"); and Trustees of Columbia University in the City of New York ("Columbia"). (ECF No. 49-1).

but not limited to, lumbar compression fracture, left ankle tear, and injuries to the neck and back . . ."  (Id. ¶ 24).  He seeks to recover damages of $1,750,000 for "past and future physical pain and suffering; past and future mental pain; anguish and suffering; past and future medical, health care, and attendant care expenses; permanent physical disfigurement; past and future permanent impairment; loss of enjoyment of life; pecuniary losses; out of pocket expenses; and loss of earning capacity . . ." (Id.)

The parties have consented to the jurisdiction of the undersigned for all purposes.  (ECF No. 43).  On January 25, 2021, the Government filed the Motion asking the Court to compel Cordero to execute and return the Medical Releases.  (ECF No. 49).  The Government argues that, although Cordero has provided medical authorizations for physicians who treated his alleged accident-related injuries since March 31, 2016, he has declined to provide the Medical Releases, each of which seeks records beginning three years before the accident, March 31, 2013 to the present.  (ECF Nos. 49 at 1; 49-1).  The Government contends that, "[g]iven the broad scope of asserted damages, [it] is entitled to discovery concerning [Cordero's] overall health, and previous injuries and conditions that may have caused or contributed to this alleged pain and suffering, and loss of enjoyment of life (both pre- and post-accident)."  (ECF No. 49 at 2).  The Government asserts that it needs information from the providers to whom the Medical Releases are addressed "(i) to compare [Cordero's] medical condition before and after the accident to determine if it has worsened; and (ii) to determine whether any of [his] alleged injuries were caused by the accident or were in fact preexisting."  (Id.)

Cordero opposes the Motion on the ground that March 3, 2013 is an "arbitrary and capricious date," and that each of the Medical Releases seeks information that is "irrelevant, unrelated to the injuries alleged, and not likely to lead to admissible evidence regarding the injuries in controversy." (ECF No. 50 at 1). Cordero argues that "he is not alleging that the increase in [his] epilepsy episodes is causally connected to the motor vehicle accident and [he] will not be seeking compensation for or related to epilepsy in any way." (Id. at 2).

### III. DISCUSSION

#### A. Legal Standards

The Federal Rules of Civil Procedure establish the scope of discovery as the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Rule 26 gives a district court 'broad discretion' . . . to impose limitations or conditions on discovery, . . . which extends to granting or denying motions to compel or for protective orders on 'just terms.'" Coty Inc. v. Cosmopolitan Cosmetics, Inc., No. 18 Civ. 11145 (LTS) (SLC), 2020 WL 3317204, at *1 (S.D.N.Y. June 18, 2020) (quoting Capstone Logistics Holdings, Inc. v. Navarrete, No. 17 Civ. 4819 (GBD) (BCM), 2018 WL 6786237, at *8 (Dec. 13, 2018)). Likewise, "[m]otions to compel, pursuant to Rule 37, are left to the sound discretion of the court." Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd., 327 F.R.D. 52, 54 (S.D.N.Y. 2018). "A district

court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Rep. of Arg., 695 F.3d 201, 207 (2d Cir. 2012).

    **B. Application**

As an initial matter, it is undisputed that Cordero has put his medical condition and medical history at issue in this action by seeking damages for injuries suffering the accident he alleges the Government caused, and he acknowledges that he was required to and did provide authorizations for medical records for at least some period of time. In putting his medical condition at issue, Cordero has "'waive[d] his right to privacy in his medical records.'" Vargas v. United States, 401 F. Supp. 3d 346, 347 (E.D.N.Y. 2018) (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *3 (S.D.N.Y. July 28, 1997)). For that reason, there is no basis to deny access to medical records "for providers other than those [he] saw after the accident." Id. Contrary to Cordero's assertion that pre-accident records are irrelevant, the Government "is certainly entitled to explore whether the injuries [he] claims resulted from [its] conduct were in fact caused by someone else or resulted from some pre-existing condition." Id. at 347–48. Accordingly, the Medical Releases are not objectionable solely because they seek medical records dating before the accident, and the Court finds that three years is a reasonable time period to seek such records. See Pokigo v. Target Corp., No. 13 Civ. 722A (Sr), 2014 WL 6885905, at *2 (W.D.N.Y. Dec. 8, 2014) ("Where, as here, plaintiff has significant pre-existing and ongoing mental and physical conditions which can reasonably be expected to impact her claim for damages resulting from this incident, defendant is entitled to full discovery regarding plaintiff's treatment history.").

The Court has reviewed each of the Medical Releases, the transcript of Cordero's deposition (ECF No. 56), and the report of Cordero's medical expert, Dr. Ali Guy (ECF No. 55),[2] and finds that, with one exception, each of the Medical Releases seeks information that is relevant to the broad categories of damages he is seeking to recover.  For example, Cordero testified that his regular treating physician before the accident was affiliated with Columbia, and therefore, the Medical Release directed to Columbia seeks relevant information.  Similarly, Cordero's counsel represented to the Court during the conference that NY Presbyterian and NY Orthopaedic each treated Cordero's foot injury.  While it may be that his treatment was only post-accident and therefore the Government has already received all of Cordero's records, there is no burden on Cordero to execute the Medical Releases to allow the Government to confirm that is the case.

The one Medical Release that the Court finds does not seek relevant information is directed to Pinnacle, which is a home health care agency that performed a medical examination of Cordero in connection with his application to serve as a home attendant for his grandmother.  (ECF No. 50 at 2).  Pinnacle is not a medical provider that provided any medical services to Cordero either before or after the accident.  Accordingly, the Court DENIES the Government's Motion as to the Pinnacle Medical Release.

## IV.  CONCLUSION

For the reasons set forth above, the Government's Motion is GRANTED IN PART, to the extent that Cordero must, no later than **February 22, 2021**, provide to the Government executed

---

[2] Both Cordero's deposition transcript and Dr. Guy's report were filed under seal, and therefore, the Court will refrain from describing Cordero's injuries in detail.

Medical Releases for Flushing Hospital, United, NY Presbyterian, NY Orthopaedic, NYCHH, and Columbia, and the Motion is DENIED as to the Pinnacle Medical Release.

The Clerk of Court is respectfully directed to close the Motion at ECF No. 49.

Dated:     New York, New York
          February 16, 2021                       SO ORDERED

                                                            _____
                                                            SARAH L. CAVE
                                                           United States Magistrate Judge